IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                                  Plaintiff,<br><br>vs.<br><br>Christopher Claude Robinson,<br><br>                                  Defendant. | Case No. 1:22-cr-00042 |

### ORDER DENYING MOTION TO REDUCE SENTENCE

[¶1]    THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant Christopher Claude Robinson ("Robinson") on February 12, 2024. Doc. No. 41. The Federal Public Defender's Office was appointed to represent Robinson. Defense Counsel filed a Notice of Intent Not to Supplement Robinson's Motion on February 29, 2024. Doc. No. 43. The United States filed a Response on March 28, 2024. Doc. No. 44. Robinson did not file a Reply. For the reasons set forth below, the Motion is **DENIED**.

[¶2]    Robinson seeks a reduction of his sentence based upon Amendment 821 to the United States Sentencing Guidelines which went into effect on November 1, 2023. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may seek a sentence reduction if he has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"

[¶3]    In Part A to Amendment 821, the United States Sentencing Commission made changes to the "status points" provision which are criminal history points added when the defendant committed the instant offense while under another criminal justice sentence. However, Robinson was never assessed any status points under USSG § 4A1.1. See Doc. No. 33, ¶¶ 39-40. Therefore,

Part A to Amendment 821 would not affect Robinson's criminal history category and his guideline range remains the same.

[¶4]   In Part B, Subpart 1 to Amendment 821, the Sentencing Commission created a two-level reduction in the total offense level for defendants receiving zero criminal history points and whose offense did not involve certain criteria. Likewise, this change would not affect Robinson's guideline range because he received ten criminal history points and would not be considered a "zero-point" offender under USSG § 4C1.1. See Doc. No. 33, ¶¶ 39-40.

[¶5]   The record clearly demonstrates that Amendment 821 does not apply to Robinson. Therefore, Robinson is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Accordingly, Robinson's Motion (Doc. No. 41) is **DENIED**.

[¶6]   **IT IS SO ORDERED.**

DATED April 23, 2024.

Daniel M. Traynor, District Judge
United States District Court